UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | CRIMINAL CASE NO. |
| | : | 3:14cr211(JCH) |
| v. | : | |
| | : | |
| KAVON ROGERS, | : | MARCH 27, 2023 |
| Defendant. | : | |

**RULING ON MOTION FOR COMPASSIONATE RELEASE (DOC. NO. 98)**

Kavon Rogers ("Mr. Rogers"), a defendant sentenced by this court, is currently serving that sentence with the Bureau of Prisons ("BOP"). Pending before this court is a Motion for Compassionate Release, filed by Mr. Rogers pro se. See Motion for Compassionate Release (Doc. No. 85). In his Motion, Mr. Rogers seeks to reduce his sentence or be released from the BOP to home confinement under the First Step Act, as amended, with regard to compassionate release.

The court appointed counsel to represent Mr. Rogers in this matter. Defense counsel has filed a Motion for Sentence Reduction under Section 603 of the First Step Act ("Motion") (Doc No. 98). The government has opposed the Motion, Government's Memorandum in Opposition ("Mem. in Opp.") (Doc. No. 103), and Mr. Rogers has filed a Reply (Doc. No. 105).

On January 13, 2023, counsel for Mr. Rogers wrote to his Warden requesting that he be granted compassionate release. Letter (Doc. No. 98-1) at 2-3. Thirty days having past and no action having been taken by the Warden, Mr. Rogers has satisfied the exhaustion on requirement. 18 U.S.C. § 3582(c)(1)(A).

In his counseled Motion, Mr. Rogers argues that the combination of serving time during the COVID pandemic, the "fact" that he is fully rehabilitated, and the risk of

contracting COVID, and service of ninety percent of his sentence together warrant a reduction of his sentence to time served.

The court, having reviewed the Memoranda filed and the record, concludes that this combination does not amount to extraordinary and compelling reasons. Mr. Rogers is fully vaccinated, and the court does not have a basis to conclude he is at any significantly greater risk from COVID now than if in the community. While the court views Mr. Rogers' BOP record as exemplary, that alone or in combination with the other identified circumstances, is not extraordinary and compelling. In addition, this court has never recognized "COVID time" as an extraordinary reason to reduce a sentence. Lastly, the court very carefully considered all the factors in determining Mr. Rogers' sentence in 2018. The court sees no reason now to conclude that "almost" serving the sentence imposed is sufficient, i.e., can become the sentence.

Further, even if there were extraordinary and compelling reasons, the court must still consider the 3553(a) factors. As even counsel for Mr. Rogers acknowledges, his crime was "gravely serious." He participated, as the driver, in a cold-blooded murder executed because of a drug deal gone bad. At the time, the court imposed a sentence significantly below the Guidelines based on his history and characteristics. The court can not conclude that the 3553(a) factors could now support a sentence of time served, below the sentence it imposed.

For the reasons stated above, Motion to Reduce Sentence (Doc. No. 85) and Motion to Reduce Sentence (Doc. No. 98) are denied.

**SO ORDERED.**

Dated at New Haven, Connecticut this 27th day of March, 2023.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge